IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BART M. GRISSOM, #310364, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-01952-JPG |
| | ) |
| RICHARD WATSON, | ) |
| DOCTOR GREEN, | ) |
| C/O WILLIAMS, | ) |
| SGT. BROWN, | ) |
| and C/O LADANTE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Bart Grissom filed a Complaint (Doc. 1) and Motion for Leave to Proceed *in forma pauperis* (IFP motion) (Doc. 2) on October 23, 2025.  In the Complaint, Plaintiff brings claims against the defendants under 42 U.S.C. § 1983 for alleged violations of his constitutional rights at St. Clair County Jail.  (Doc. 1, pp. 13).  He seeks money damages.  *Id*.

At the time of case opening, the Court entered a Notice instructing Plaintiff to sign and return a Consent/Non-Consent to Proceed Before A Magistrate Judge Jurisdiction Form no later than November 13, 2025.  (Doc. 3).  Plaintiff did not return the signed form or request an extension of time to do so.

Also at the time of case opening, the Court separately entered a Notice and Order advising Plaintiff of his ongoing obligation to notify the Court of any address changes that occur: "[Y]ou are advised that if your address changes, you must notify the Court within seven days of the change by filing a Notice of Change of Address."  (Doc. 4).  Plaintiff was warned that "[f]ailure to do so could result in the dismissal of [the] case."  *Id*.

1

Beginning on November 4, 2025, Plaintiff's mail was returned to the Court undelivered with a note on each envelope indicating that he is no longer in custody at St. Clair Count Jail. *See* Docs. 3-5, 8-10, and 12. The Court entered the following Order on November 4, 2025:

> ORDER TO SHOW CAUSE: At the time this case was opened, Plaintiff was advised of his continuing obligation to keep the Clerk of Court informed of any change in his address and that failure to timely update his address could result in dismissal of this action for want of prosecution. (See Doc. 4). One or more documents mailed to Plaintiff by the Court has been returned undeliverable because Plaintiff is no longer housed at his original address on file with the Court, i.e., St. Clair County Jail. (See Docs. 3, 4, 8). Plaintiff is hereby ORDERED to SHOW CAUSE on or before DECEMBER 4, 2025, why this action should not be dismissed based on his failure to comply with the Court's Orders at Doc. 4 to update his address and for failure to prosecute his claims. Fed. R. Civ. P. 41(b). Plaintiff is WARNED that failure to respond to this Order by the deadline will result in dismissal of the action without prejudice after the deadline expires. The Clerk is DIRECTED to transmit a copy of this Order to Show Cause to Plaintiff at the address he most recently provided to the Court.

(Doc. 9). Plaintiff's response was due December 4, 2025, and the Court received no response from him. Plaintiff also made no request for an extension of time to respond.

This action is **DISMISSED** without prejudice for noncompliance with the Court's Orders at Docs. 3, 4, and 9 and for want of prosecution. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall **NOT** count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, so the fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 18, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**